**UNITED STATES of America,
Appellee,**

v.

**John Philip CROCKER, Appellant.**

**Nos. 20301, 20363.**

United States Court of Appeals,
Eighth Circuit.

Jan. 4, 1971.

Kenneth E. Tilsen, Atty., Minnesota Civil Liberties Union, affiliate of the American Civil Liberties Union, St. Paul, Minn., for appellant; Lynn Castner, Minneapolis, Minn., of counsel.

Robert G. Renner, U. S. Atty., Thorwald Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is a consolidated appeal from two separate orders of the District Court. The first appeal, No. 20,301, is from judgment of March 30, 1970, convicting defendant Crocker on a charge of refusing to present himself and submit to registration under the Military Service Act of 1967, 50 App. U.S.C. § 453. Imposition of sentence was suspended. Defendant was placed on probation for three years. The appeal in No. 20,363 is from the order of May 28, 1970, revoking probation and imposing a three-year sentence. The appeals will be treated separately.

### Appeal from Conviction.

Defendant's conviction followed a trial to the court without a jury. Defendant based his defense upon the freedom of religion provision of the First Amendment. There is no dispute as to the material facts. Defendant is a birthright Quaker and an Associate Member of the Society of Friends. He did not present himself for selective service registration but wrote his draft board a letter informing the board he could not register because of his religious belief. His sincerity is not questioned.

Chief Judge Devitt, who tried this case, fairly states the facts and the controlling law in a well-considered opinion, 308 F.Supp. 998, filed February 11, 1970. We agree with Judge Devitt's determination that religious conviction does not constitute a defense to the crime of failure to register for the draft. We affirm the conviction on the basis of Judge Devitt's well-reasoned opinion.

### Appeal from Order Revoking Probation and Imposing Sentence.

Defendant in his second appeal, No. 20,363, urges that the court erred in revoking his probation and in imposing a three-year sentence. His appeal is based upon the following grounds:

1. The hearing was fatally defective in that defendant was not advised of the grounds upon which the revocation was based.

2. The court erred in finding defendant violated the terms of his probation.

3. The court abused its discretion in revoking probation.

The first point requires no extended discussion. The defendant acknowledges that he knew he was brought before the court because he did not register for the draft. He was so advised by his probation officer. Defendant was afforded a hearing at which he was represented by counsel. The failure to register is the only violation which was urged at the hearing and is the only violation found by the court. Thus no possible prejudice resulted to the defendant by reason of the failure to give him more formal notice as to the nature of the charge upon which the revocation proceedings were based.

Points two and three are closely related and will be considered together. Defendant has consistently at all times on sincere religious grounds refused to register for the draft. This is the offense upon which his conviction was based.

The probation officer in an early interview advised the defendant that registration for the draft was an express condition of his probation and that if he did not register the probation would be revoked. The officer offered to give defendant time to consider registration. Defendant replied no time was necessary, that he did not intend to register. The failure to register was reported to the court and a probation violation warrant was issued and served, and an evidentiary hearing was held. The court's finding upon which the revocation is based reads:

"Whereupon the Court heard evidence and argument of counsel, and

"Finds that on April 9, 1970, defendant was directed to register with his proper Selective Service local board by United States Probation Officer Abas at the United States Probation Office in this district during an interview held for the purpose of informing defendant of his rules of probation; and further finds that defendant did not and has not registered with any Selective Service local board as directed, \* \* \*"

Upon the basis of such finding, the court revoked probation and imposed a sentence of three-years imprisonment.

The revocation is based exclusively upon the finding that defendant had failed to obey the probation officer's order that he register. The court makes no finding that it imposed registration as a condition to probation at the time of entry of the probation order nor that it subsequently expressly authorized or ratified the imposition of such condition by the probation officer.

The probation order reads:

"It Is Adjudged that the imposition of sentence is hereby suspended and the defendant is placed on probation for a period of three (3) years, with the provision that he shall obtain work of national importance, at the direction of the Probation Office, in the field of health, education and welfare for a period of 24 months.

"It Is Further Ordered that during the period of probation the defendant shall conduct himself as a law-abiding, industrious citizen and observe such conditions of probation as the Court may prescribe. Otherwise the defendant may be brought before the court for a violation of the court's orders."

Such order cannot reasonably be interpreted as imposing the registration condition. There is no evidence that the court ever subsequently prescribed the registration condition.

The undisputed evidence shows that the defendant was at all times willing to fully comply with the prescribed condition that he accept work of national importance at the direction of the probation office for a period of twenty-four months and that he is guilty of no probation violation aside from the controversial draft registration requirement. The work provision appears to be designed more as punishment than a means of rehabilitation. It parallels the treatment given to conscientious objectors by the selective service laws.

Moreover, at all times here material it appears obvious that defendant would refuse to register for the draft for religious reasons. If at the time of entry of the probation order the court had any doubt about this, it could have been readily resolved by a question directed to defendant. It would appear to be pointless to impose the unique condition of performing work of national importance if the court intended to make the probation dependent upon draft registration. As previously pointed out, the court did not expressly make draft registration a condition in its order nor does it fairly appear that such requirement

is made by general order or policy of the court with respect to probation generally.

■ The federal law with respect to probation is found in 18 U.S.C.A. Ch. 231, § 3651 et seq. The statutes clearly place the responsibility for making a major condition, such as is here involved, upon the court. Fixing the terms and conditions of probation is a judicial act which may not be delegated. Whitehead v. United States, 6 Cir., 155 F.2d 460; Hollandsworth v. United States, 4 Cir., 34 F.2d 423.

The duties of the probation officer are set out in § 3655 and include the following: "He shall use all suitable methods, not inconsistent with the conditions imposed by the court, to aid probationers and to bring about improvements in their conduct and condition."

The registration requirement imposed by the probation officer is not a suitable means to bring about improvement in the conduct of the probationer under the peculiar facts of this case and such requirement is inconsistent with the conditions expressly imposed by the court.

The Government additionally asserts that the failure to register violates conditions of probation in writing to the probationer, particularly items (1) and (6) which read:

"(1) You shall refrain from violation of any law (federal, state, and local). You shall get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer."

"(6) You shall follow the probation officer's instructions and advice."

With respect to the first condition, Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156, holds that the crime of failure to register is complete upon failure to register within five days after reaching the age of eighteen. The Court in rejecting the Government's contention that the offense was a continuing one, states:

"Viewed in the light of history we do not think the Act intended to treat

continued failure to register as a renewal of the original crime or the repeated commission of new offenses, but rather perpetuated the conception of the first registration that a man must register at a particular time and his failure to do so at that time is a single offense."

\* \* \* \* \* \*

"There is nothing inherent in the act of registration itself whch makes failure to do so a continuing crime." 397 U.S. 119, 122, 90 S.Ct. 864.

■ Upon the basis of the reasoning in the decision in *Toussie*, defendant's violation of the registration requirement was complete prior to the time of his conviction and he is not again subject to prosecution on the basis that the offense is a continuing one. Thus his failure to register subsequent to his conviction does not constitute a crime or a violation of condition (1).

■ We are satisfied that the sixth condition does not apply to the present factual situation. Doubtless in many situations a probationer should follow directions given by a probation officer reasonably aimed at his rehabilitation. Here, as we have heretofore pointed out, the requirement is inconsistent with the conditions imposed by the court and is not the type of condition aimed at rehabilitation.

■ Probation is a matter of legislative grace. Probation may be revoked for failure to comply with conditions validly imposed by the court. The oft-quoted case of Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, provides the guidelines to be used in a revocation hearing. These are:

"The question, then, in the case of the revocation of probation, is not one of formal procedure either with respect to notice or specification of charges or a trial upon charges. The question is simply whether there has been an abuse of discretion, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action. \* \* \* While probation is a matter of grace, the probationer is entitled to fair treatment, and is not to be made the victim of whim or caprice." 287 U.S. 216, 222–223, 53 S.Ct. 154, 156, 77 L.Ed. 266.

The facts of the case distinguish it from others. This is not a case where the condition to register can be found in verbal orders of the court or in a long-standing practice. Furthermore, this is not like the case of Kaplan v. United States, 8 Cir., 234 F.2d 345, where defendant's probation is being revoked for violating a specific order of the court issued during probation.

We hold that the trial court abused its discretion in revoking defendant's probation solely upon the basis of his failure to register for the draft when the court at no time made registration a condition of probation. We do not reach or decide the question of whether draft registration could by appropriate order be made a valid condition of probation. Each case of probation violation must be decided upon its own peculiar facts. Our decision is limited to the precise situation here presented.

The order revoking probation and the judgment imposing sentence is reversed.