**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lynda Gayle HARPINE, Defendant–
Appellant.**

No. 92–30052.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 22, 1992.*

Decided Sept. 30, 1992.

Rita J. Radostitz, Asst. Federal Public Defender, Eugene, Or., for defendant-appellant.

Frank R. Papagni, Jr., Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before GOODWIN, D.W. NELSON, and REINHARDT, Circuit Judges.

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.

PER CURIAM:

Lynda Gayle Harpine appeals her conviction, following her conditional guilty plea to harboring and concealing a fugitive in violation of 18 U.S.C. § 1071. Harpine claims that, because her husband was wanted for parole violations, the district court erred by determining that her offense was a felony, rather than misdemeanor. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We review de novo a district court's interpretation of a statute. *United States v. Duff*, 831 F.2d 176, 177 (9th Cir.1987). Section 1071 provides, "[w]hoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined not more than $1,000 or imprisoned not more than one year, or both; except that if the warrant or process [has] issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine of not more than $5,000, or imprisonment for not more than five years or both." 18 U.S.C. § 1071.

Harpine harbored her husband, David Harpine, from August 1990 to September 1991. Mr. Harpine was wanted for parole violations following his release from custody pursuant to two 1985 felony drug convictions. On January 12, 1990, a Deputy United States Marshal informed Ms. Harpine that the United States Parole Commission had issued a felony warrant for her husband's arrest. She denied knowing his whereabouts and declined to assist in his apprehension. Twenty months later, Ms. Harpine was arrested during the execution of a federal search warrant at her house. Upon arrest, she confessed to harboring and concealing her husband.

■ Harpine argues that section 1071 is ambiguous and that, according to the rule

R.App.P. 34(a); 9th Cir.R. 34–4.

of lenity, she should have been convicted of a misdemeanor. This is an issue of first impression in this circuit. The Eighth Circuit has held that the statute mandates felony penalties for a defendant who harbors any convict, whether the convict's crimes were felony or misdemeanor, *see United States v. Faul,* 748 F.2d 1204, 1223 (8th Cir.1984), *cert. denied,* 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 632 (1985). We agree. David Harpine was a convicted felon, for whose arrest a felony warrant had issued. The plain language of the statute indicates that either circumstance—his past conviction for "any offense" or the outstanding felony warrant for his arrest— was an adequate reason to impose felony sanctions on the person who harbored him. *See Faul,* 748 F.2d at 1223.

AFFIRMED.