5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Randolph Scott MEIER, Defendant-Appellant.
 No. 93-30032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Aug. 31, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CR-92-60104-1-MRH, Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randolph Scott Meier appeals his sentence of 120 months, imposed following his guilty pleas to conspiracy to manufacture, to possess with intent to distribute, and to distribute methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Meier contends the district court erred by imposing the mandatory minimum sentence prescribed by 21 U.S.C. Sec. 841(b)(1)(A) and by refusing to grant a downward adjustment in his offense level pursuant to U.S.S.G. Sec. 3B1.2 for being a minor or minimal participant in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's interpretation of the Sentencing Guidelines and federal law. United States v. Harpine, 976 F.2d 528 (9th Cir.1992) (per curiam) (statute); United States v. Foreman, 926 F.2d 792, 795 (9th Cir.1990) (Guidelines). The Sentencing Guidelines direct the district court to impose a sentence anywhere "within the applicable guideline range, provided that the sentence ... is not less than any statutorily required minimum sentence." See U.S.S.G. Sec. 5G1.1(c)(2). We have held that "under section 5G1.1, 'the mandatory minimum sentence provided by a particular statute must be pronounced even if the defendant falls under a lower sentencing range under the Sentencing Guidelines.' " United States v. Williams, 939 F.2d 721, 726 (9th Cir.1991) (quoting United States v. Turner, 881 F.2d 684, 686 (9th Cir.), cert. denied, 493 U.S. 871 (1989)). The district court may impose a sentence below the statutory minimum if the government moves for a downward departure, United States v. Keene, 933 F.2d 711, 714-15 (9th Cir.1991); 18 U.S.C. Sec. 3553(e), or if the government's failure to do so was based on an unconstitutional motive, Wade v. United States, 112 S.Ct. 1840, 1844 (1992).
 
 
 4
 Meier's crime exposed him to a Guidelines range of 100 to 125 months in prison. He contends that the district court was not bound to obey the statute, which reads "such person shall be sentenced to a term of imprisonment which may not be less than 10 years ..." 21 U.S.C. Sec. 841(b)(1)(A). Statutes cannot bind judges, he argues, without violating the separation of powers doctrine. Our precedent flatly contradicts this contention. See, e.g., Williams, 939 F.2d at 726; Turner, 881 F.2d at 686. Accordingly, we uphold the ten year sentence imposed by the district court. We decline to address Meier's role adjustment argument because it would not affect his sentence. See United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991) (per curiam).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3