9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MENDOZA-VILLAPANDO, Defendant-Appellant.
 No. 93-50220.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Mendoza-Villapando appeals his sentence of 120 months, imposed following his guilty pleas, for conspiracy to possess with intent to distribute and possession of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Mendoza-Villapando contends the district court erred by imposing the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's interpretation of the Sentencing Guidelines and federal law. United States v. Harpine, 976 F.2d 528, 528 (9th Cir.1992) (per curiam) (statute); United States v. Foreman, 926 F.2d 792, 795 (9th Cir.1990) (Guidelines). The Guidelines provide that "[i]f the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." U.S.S.G. § 2D1.4(a), comment. (n. 1). The defendant bears the burden of proving that he was not capable of producing enough money to purchase the negotiated amount. See United States v. Barnes, 993 F.2d 680, 682-84 (9th Cir.1993).
 
 
 4
 The district court may impose a sentence below the statutory minimum if the government moves for a downward departure, United States v. Keene, 933 F.2d 711, 714-15 (9th Cir.1991); 18 U.S.C. § 3553(e), or if the government's failure to do so was based on an unconstitutional motive or on factors "not rationally related to any legitimate Government end," Wade v. United States, 112 S.Ct. 1840, 1844 (1992).
 
 
 5
 Here, Mendoza-Villapando negotiated to purchase 6 kilograms of cocaine from undercover agents. When the parties met to make the exchange, the agents brought only 4.9 kilograms. Mendoza-Villapando pleaded guilty as charged, and the government did not seek a reduction in his sentence.
 
 
 6
 At sentencing, Mendoza-Villapando argued that because the government "manufactured the case" and produced only 4.9 kilograms of cocaine for him to buy, the district court could depart below the ten-year statutory minimum sentence. On appeal, he argues that a downward departure was warranted because the government's conduct violated due process and because he did not have enough money to buy 6 kilograms of cocaine.[1] We disagree.
 
 
 7
 The government did not seek a downward departure and there is nothing to indicate that its failure to do so was improperly motivated. We conclude, therefore, that the district court lacked the authority to depart below the statutory minimum, and properly sentenced appellant to 120 months in prison. See Wade, 112 S.Ct. at 1844; Keene, 933 F.2d at 714-15.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider whether appellant could have consummated the transaction he negotiated because this argument was not raised before the district court. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992)