19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Naum MORGOVSKY and Irina Morgovsky, Plaintiffs-Appellants,
v.
CREDITORS' COLLECTION SERVICE OF SAN FRANCISCO dba Premium
Collection Service, a Corp.; Mark Love,
individually and as President of Premium
Collection Service et al.,
Defendants-Appellees.
 No. 92-16563.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Filed Nov. 29, 1993.
Withdrawn and Decided Feb. 15, 1994.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 ORDER
 
 1
 The appellees' petition for rehearing is granted in part. The memorandum disposition filed on November 29, 1993 in the above matter is hereby withdrawn.
 
 
 2
 MEMORANDUM**
 
 
 3
 Naum and Irina Morgovsky appeal pro se the district court's dismissal of their amended complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Sec. 1692(e), and the Fair Credit Reporting Act (FCRA), 15 U.S.C. Sec. 1681q. The Morgovskys argue that the district court had subject matter jurisdiction to consider their FDCPA claims, and that the district court erred by dismissing their FCRA claims pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 4
 * Background
 
 
 5
 The Morgovskys are the proprietors of a medium-sized business called Closets Unlimited. On January 27, 1992, Appellees (Premium) won a default judgment against Closets Unlimited in San Mateo County Superior Court for a business debt in the amount of $34,819. The Morgovskys appealed the judgment.
 
 
 6
 The instant litigation arose because Premium reported the Morgovskys' obligation to consumer credit reporting agencies without explaining that it was a business debt, an omission which the Morgovskys allege violated the FDCPA.[1] Shortly after they filed their complaint in the district court, the Morgovskys learned that Premium had obtained a copy of their consumer credit report three times in the course of the San Mateo County litigation. In light of this discovery, they amended their original complaint to allege violations of the FCRA as well as the FDCPA.
 
 II
 FDCPA Claims
 
 7
 The district court declined to exert jurisdiction over the Morgovskys' FDCPA claims because it concluded that the statute was concerned exclusively with consumer debt and both parties agreed that the Morgovskys' valid debt was a business debt. We reverse.
 
 
 8
 " 'The existence of subject matter jurisdiction is a question of law which we review de novo.' " American Int'l Enters., Inc. v. FDIC, 3 F.3d 1263, 1266 (9th Cir.1993) (quoting Abbott Bldg. Corp. v. United States, 951 F.2d 191, 193 (9th Cir.1991)).
 
 
 9
 We review de novo a district court's interpretation of a statute. United States v. Harpine, 976 F.2d 528, 528 (9th Cir.1992) (per curiam). "The [Fair Debt Collection Practices] Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir.1982). "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices.' " Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 483-84 (4th Cir.1991) (citing 15 U.S.C. Sec. 1692(a), (e)). The term "debt," as it appears in both the FDCPA and the FCRA, "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. Sec. 1692(a)(5) (emphasis added).
 
 
 10
 Premium argues that, because the Morgovskys' debt was actually a business debt, we are bound by Bloom v. I.C. Sys., Inc., 972 F.2d 1067 (9th Cir.1992), to uphold the district court's dismissal of their claims. We disagree. Bloom directs us to look at the purpose for which a debt was incurred to determine the nature of the debt, but that is not in question here. Rather, the Morgovskys ask whether a collection agency may report a large, personally-owed business debt to a consumer credit agency without running afoul of the FDCPA.
 
 
 11
 The plain language of the statute encompasses both actual and alleged consumer debt. In their complaint, the Morgovskys alleged that when Premium reported their debt to consumer credit agencies, without explaining it was business-related, Premium falsely represented that the debt was a consumer debt. We conclude that even though the disputed debt was business-related, if Premium falsely reported it as a consumer debt, Premium may have violated the FDCPA. This allegation is therefore sufficient to bring the Morgovskys' claim within the purview of the FDCPA. See American Int'l Ents., Inc., 3 F.3d at 1266; Baker, 677 F.2d at 777.
 
 
 12
 Premium contends it was the custom and practice to report a personally-owed business debt to consumer credit agencies without any explanation that the debt was business-related. Premium says that in reporting the Morgovskys' debt it simply followed this established custom and practice.
 
 
 13
 Whether Premium followed established custom and practice, however, goes to the merits of the case, not to the question of jurisdiction. In addressing the merits, the district court should determine whether there is such a custom and practice, and if so whether it conflicts with the FDCPA. The district court has jurisdiction, based on the allegations of the Morgovskys' complaint, to decide these questions.
 
 III
 FCRA Claims
 
 14
 The Morgovskys allege that, on August 29, 1990, January 28, 1992, and January 29, 1992, Premium acquired their consumer credit report without any legitimate purpose in violation of the FCRA. The district court dismissed these claims pursuant to Fed.R.Civ.P. 12(b)(6), ruling that "the analysis of [the FDCPA claims] applies to the [FCRA claims].[2] We agree and, therefore, reverse.
 
 
 15
 "In reviewing a 12(b)(6) dismissal, all allegations of material fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party." American Int'l Ents., 3 F.3d at 1266 (quotations omitted). "Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989)). "The FCRA provides for damages when a credit report user willfully and knowingly obtains a credit report under false pretenses for an impermissible purpose." Zamora v. Valley Fed. Sav. & Loan, 811 F.2d 1368, 1369 (10th Cir.1987) (per curiam).
 
 
 16
 The Morgovskys' FCRA claims were not so thin as to warrant 12(b)(6) dismissal. If the evidence shows that the nature of the Morgovsky's debt made their consumer credit report relevant to its collection, then their claims will fail, but construing the complaint in the light most favorable to the Morgovskys, we conclude that dismissal was improper. See American Int'l Ents., 3 F.3d at 1266.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 15 U.S.C. section 1692e(2)(A) forbids "[t]he false representation of the character, amount, or legal status of any debt." Section 1692e(8) forbids "[c]ommunication ... to any person credit information which is known or which should be known to be false."
 
 
 [2]
 Premium contends that it sought the Morgovskys' credit report in connection with the collection of the Morgovskys' account, a legitimate purpose enumerated in Sec. 1681b(3)(A) of the FCRA