19 F.3d 7
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Francis A. CONNOR, II., Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 93-1886.
 United States Court of Appeals,
First Circuit.
 February 17, 1994
 
 Appeal from the United States District Court for the District of Massachusetts
 Francis A. Connor on brief pro se.
 D.Mass.
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Petitioner Francis Connor appeals the district court's dismissal of his petition for relief pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Connor raises two issues in his petition. First, he alleges that the district court violated 18 U.S.C. Sec. 3561(a)(3) when it sentenced him to a term of probation at the same time as it sentenced him to a term of imprisonment for another offense. See 18 U.S.C. Sec. 3561(a)(3) (sentence of probation may not be imposed if defendant is sentenced at the same time to a sentence of imprisonment for the same or a different offense). However, section 3561(a)(3) applies only to offenses committed after Nov. 1, 1987. See Pub. L. No. 98-473, Sec. 235(a)(1), 98 Stat. 1976, 2031. Since the offense for which Connor was sentenced occurred in 1984, there was no error in imposing upon him both a sentence of imprisonment and one of probation.
 
 
 3
 Connor also asserts that the Probation Department intends, without authority, to impose upon his probation conditions not imposed by the sentencing court.[1] See United States v. Crocker, 435 F.2d 601, 603 (8th Cir. 1971) ("Fixing the terms and conditions of probation is a judicial act which may not be delegated."). Even if we assume that conditions not yet imposed upon petitioner are ripe for review, petitioner is not challenging the legality of the sentence imposed by the court but the conditions of confinement imposed by the Probation Department. The proper vehicle for such a petition is 28 U.S.C. Sec. 2241 not 28 U.S.C. Sec. 2255. See United States v. Di Russo, 535 F.2d 673 (1st Cir. 1976) (allegation that "conditions of ... confinement differ from what the judge had contemplated at the time of sentencing" cognizable under Sec. 2241 not Sec. 2255). Motions pursuant to Sec. 2241, however, must be brought before a district court which has jurisdiction over the prisoner or his custodian. United States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989), cert. denied, 493 U.S. 1086 (1990). Thus, even if the petition were treated as one pursuant to Sec. 2241, the district court for the District of Massachusetts was without jurisdiction to entertain it since petitioner was incarcerated in Pennsylvania at the time the petition was brought. See id.
 
 
 4
 Affirmed.
 
 
 
 [1]
 The conditions are that the period of probation be served in Springfield, Massachusetts and that petitioner refrain from working in the used car business