USCA1 Opinion

 

 February 17, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1886 FRANCIS A. CONNOR, II., Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, U.S. District Judge] ___________________ ___________________ Before Torruella, Boudin and Stahl, Circuit Judges. ______________ ___________________ Francis A. Connor on brief pro se. _________________ __________________ __________________ Per Curiam. Petitioner Francis Connor appeals the ___________ district court's dismissal of his petition for relief pursuant to 28 U.S.C. 2255. We affirm. Connor raises two issues in his petition. First, he alleges that the district court violated 18 U.S.C. 3561(a)(3) when it sentenced him to a term of probation at the same time as it sentenced him to a term of imprisonment for another offense. See 18 U.S.C. 3561(a)(3) (sentence of ___ probation may not be imposed if defendant is sentenced at the same time to a sentence of imprisonment for the same or a different offense). However, section 3561(a)(3) applies only to offenses committed after Nov. 1, 1987. See Pub. L. No. ___ 98-473, 235(a)(1), 98 Stat. 1976, 2031. Since the offense for which Connor was sentenced occurred in 1984, there was no error in imposing upon him both a sentence of imprisonment and one of probation. Connor also asserts that the Probation Department intends, without authority, to impose upon his probation conditions not imposed by the sentencing court.1 See United ___ ______ States v. Crocker, 435 F.2d 601, 603 (8th Cir. 1971) ("Fixing ______ _______ the terms and conditions of probation is a judicial act which may not be delegated."). Even if we assume that conditions not yet imposed upon petitioner are ripe for review, ____________________ 1. The conditions are that the period of probation be served in Springfield, Massachusetts and that petitioner refrain from working in the used car business. -2- petitioner is not challenging the legality of the sentence imposed by the court but the conditions of confinement imposed by the Probation Department. The proper vehicle for such a petition is 28 U.S.C. 2241 not 28 U.S.C. 2255. See United States v. Di Russo, 535 F.2d 673 (1st Cir. 1976) ___ _____________ ________ (allegation that "conditions of . . . confinement differ from what the judge had contemplated at the time of sentencing" cognizable under 2241 not 2255). Motions pursuant to 2241, however, must be brought before a district court which has jurisdiction over the prisoner or his custodian. United ______ States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989), cert. ______ ______ ____ denied, 493 U.S. 1086 (1990). Thus, even if the petition were ______ treated as one pursuant to 2241, the district court for the District of Massachusetts was without jurisdiction to entertain it since petitioner was incarcerated in Pennsylvania at the time the petition was brought. See id. ___ __ Affirmed. ________ -3-