NOT FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

FILED



AUG 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-10236 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:06-CR-00283-JCC-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JOHN MARVIN BALLARD, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 09-10237 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:05-CR-00168-JCC-KJM-1 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN MARVIN BALLARD, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
D. Lowell Jensen, District Judge, Presiding
John C. Coughenour, District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:     FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

John Marvin Ballard appeals his conviction and sentence in district court case number 06-cr-00283-JCC (hereafter number 283)[1] for concealing and covering up material facts.  See 18 U.S.C. § 1001(a).  He also appeals the revocation of his supervised release and his ensuing sentence therefor in district court case number 05-cr-168-JCC (hereafter number 168).[2]  We affirm in part and vacate and remand in part.

(1)[3]    Ballard first asserts that the indictment in number 283 and the revocation proceeding in number 168 should have been dismissed because a probation officer improperly added a residential term to his conditions of supervised release.  That claim is otiose because, in accordance with the law, the term was added with Ballard's express waiver and consent so that he would have a place to reside until something better, but appropriate, came along.  See Fed. R. Crim. P. 32.1(c)(2)(A).

(2)     Ballard next complains that the indictment in number 283 and the

---

[1]Appeal number 09-10236.

[2]Appeal number 09-10237.

[3]This issue and the issues in paragraphs (2) and (3) were decided by Judge Jensen.

revocation proceeding in number 168 should have been dismissed because he should not have had to keep a daily journal of his activities or report frequently to his probation officer. We disagree. Probation officers clearly have the authority and duty to supervise those under their care, and to keep informed about the conduct and condition of those persons. See 18 U.S.C. § 3603(2), (3), (7); United States v. Stephens, 424 F.3d 876, 880–81 (9th Cir. 2005). Of course, probation officers cannot exercise discretion which has been conferred exclusively upon the district court. See Stephens, 424 F.3d at 882–83 (number of drug tests); cf. United States v. Duff, 831 F.2d 176, 178–79 (9th Cir. 1987) (number of drug tests before Congress expressly conferred that authority on the district court). Here no probation officer overreaching occurred; rather, the probation officer acted reasonably to supervise a difficult and essentially unrepentant pedophile offender.

(3) Ballard then asserts that evidence of the falsehoods that resulted in his conviction in number 283 should have been suppressed because his right against self-incrimination as found in the Fifth Amendment to the United States Constitution would otherwise be violated. We must also disagree with this assertion. No doubt, even those on supervised release retain their Fifth Amendment rights. See United States v. Antelope, 395 F.3d 1128, 1133 (9th Cir. 2005). But that avails Ballard nothing because the Fifth Amendment does not

3

protect lying,[4] and does not protect persons whose statements may merely result in revocation of probation proceedings.[5] The required statements here were, clearly, of the latter variety. The ensuing prosecution in number 283 was a result of his falsehoods only.

(4)[6]    Ballard then objects to his sentence on the basis that in determining the sentence in number 283 the district court erred in making the Sentencing Guidelines calculation.[7] We agree with that contention. Upon a conviction under 18 U.S.C. § 1001(a), the Guideline for fraud and deceit usually applies. See USSG §2B1.1; USSG App. A. However, if the defendant's conduct is "specifically covered" by another Guideline, the other Guideline applies instead. USSG §2B1.1(c)(3). The district court decided to use a Guideline entitled Obstruction of

---

[4]See Brogan v. United States, 522 U.S. 398, 404–05, 118 S. Ct. 805, 810, 139 L. Ed. 2d 830 (1998); United States v. Gonzalez-Mares, 752 F.2d 1485, 1489–90 (9th Cir. 1985).

[5]See Minnesota v. Murphy, 465 U.S. 420, 435 n.7, 104 S. Ct. 1136, 1146 n.7, 79 L. Ed. 2d 409 (1984); Gonzalez-Mares, 752 F.2d at 1489–90; see also United States v. Phelps, 955 F.2d 1258, 1263 (9th Cir. 1992); cf. United States v. Saechao, 418 F.3d 1073, 1077 (9th Cir. 2005).

[6]This issue and the issues in paragraph (5) were decided by Judge Coughenour.

[7]All references to the Sentencing Guidelines in this disposition are to the November 1, 2008, version thereof.

4

Justice[8] which does not specifically cover Ballard's offense. The government argues that the Guideline does cover obstruction of civil investigations under the Antitrust Civil Process Act.[9] However, whatever else may be true about Ballard, the conduct for which he was convicted is not related to that covered by the Antitrust Civil Process Act. Thus, the district court erred. The error increased Ballard's offense level score from six[10] to fourteen,[11] which had the effect of raising his Guideline range from a high of twelve months to a high of thirty-three months.[12] On its face that was not harmless. The district court itself specifically stated that its ultimate sentence was "a product of the guideline calculations." That being so, we cannot say that the erroneous calculation did not influence the sentence.[13] Thus, we vacate the sentence in number 283 and remand.[14]

---

[8]See USSG §2J1.2.

[9]See 18 U.S.C. § 1505. There is no contention that Ballard's conduct can be brought under any other aspect of that Guideline. See USSG §2J1.2, comment. (Statutory Provisions).

[10]USSG §2B1.1(a)(2).

[11]USSG §2J1.2(a).

[12]USSG Ch.5, Pt.A. Ballard's criminal history placed him in category IV.

[13]The district court gave precious little further explanation other than to mention that it did consider the 18 U.S.C. § 3553 factors and thought it particularly necessary to protect the public (id. at § 3553(a)(2)(C)). Of course, the district court
(continued...)

(5)     Finally, Ballard complains generally about the special supervised release conditions in number 283 on the basis that the district court did not give a sufficient explanation. We disagree with that contention. The court did accept the recommendations in the Presentence Investigation Report and has broad discretion in setting the supervised release terms without further discussion. See United States v. Napulou, 593 F.3d 1041, 1044 (9th Cir. 2010); United States v. Riley, 576 F.3d 1046, 1048 (9th Cir. 2009); United States v. Daniels, 541 F.3d 915, 924 (9th Cir. 2008). Beyond that, Ballard has not even presented any specific argument about most of the conditions, and we will not seek to parse them. See Daniels, 541 F.3d at 925. As to the ones he does specifically argue, the parties agree that the special residence condition (number 2) is improper; we will order it stricken. We reject Ballard's argument about the others, that is, the no contact condition (number 5) is perfectly good,[15] as is the sexually explicit materials condition

_____

[13](...continued)
is not required to go into exquisite detail. See United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). However, its asthenic discussion here does not help us to understand the basis of the sentence.

[14]See United States v. Matthews, 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc).

[15]See United States v. Bee, 162 F.3d 1232, 1235–36 (9th Cir. 1998); see also United States v. Stoterau, 524 F.3d 988, 1008 (9th Cir. 2008).

6

(number 7),[16] as is the treatment condition (number 10).[17]

As to appeal number 09-10237, AFFIRMED.  As to appeal number 09-10236, conviction AFFIRMED, but sentence VACATED and REMANDED.[18]

---

[16]See United States v. Rearden, 349 F.3d 608, 619–20 (9th Cir. 2003); Bee, 162 F.3d at 1234–35; see also Daniels, 541 F.3d at 927–28.

[17]See Stoterau, 524 F.3d at 1003–07; see also Riley, 576 F.3d at 1048.

[18]We note, however, that we affirm the imposition of the special conditions of supervised release, with the exception of the special residence condition (number 2) which shall be stricken.