NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br>      v.<br><br>PATRICK LEGAN,<br><br>              Defendant-Appellant. | No. 18-30246<br><br>D.C. No. 9:07-cr-00018-DWM-1<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted March 4, 2020
Portland, Oregon

Before: FERNANDEZ, PAEZ, Circuit Judges, and BURGESS,** Chief District

Judge.

Patrick Legan appeals his revocation sentence, in which the district court

revoked one of Legan's two lifetime terms of supervised release and left the

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**The Honorable Timothy M. Burgess, Chief United States District Judge for
the District of Alaska, sitting by designation.

1

second term dormant. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We vacate and remand to the district court for resentencing.

In general, we review revocation sentences for abuse of discretion. *United States v. Duff*, 831 F.2d 176, 177 (9th Cir. 1987). However, we review *de novo* the question at issue here, whether the district court properly interpreted the applicable statute and correctly resolved Legan's constitutional claim. *Id.*

It is undisputed that Legan's underlying convictions for receipt and possession of child pornography violate the Fifth Amendment's Double Jeopardy Clause. *See United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). However, Legan did not appeal or collaterally attack his judgment or sentence within the statutes of limitations. He cannot now attack the underlying convictions through a revocation proceeding or an appeal of his revocation proceeding. *United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014). Therefore, there is no procedural mechanism to reach back and correct Legan's underlying convictions at this time.

Nonetheless, Legan's concurrent lifetime terms of supervised release as re-imposed on revocation perpetuate the underlying Double Jeopardy violation because revocation penalties are considered part of the penalty for the initial offense. *See Johnson v. United States*, 529 U.S. 694, 699 (2000); *United States v.*

*Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995). Even though the district court did not have jurisdiction to vacate either of the underlying convictions, it should have mitigated the ongoing Double Jeopardy violation at the time of revocation. Despite Legan's violative conduct, the interests of justice warrant terminating one term of supervision. Accordingly, we VACATE the revocation sentence and REMAND with instructions for the district court to terminate one of the two lifetime terms of supervised release under 18 U.S.C. § 3583(e)(1). The district court may then resentence Legan on the remaining supervised release term.

VACATED and REMANDED for resentencing.

FILED

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*U.S. v. Legan*, No. 18-30246

FERNANDEZ, Circuit Judge, dissenting:

I respectfully dissent because I perceive no authority for using Legan's violations of his terms of supervised release as a vehicle for overturning part of his original sentence.