**Robert Russell CUPPETT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 482S134.**

Supreme Court of Indiana.

May 6, 1983.

Garry A. Weiss, Katz, Brenman & Angel, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a Class B felony. He was sentenced to a term of ten years of imprisonment. He was additionally found to be an habitual offender. The court sentenced him to a thirty (30) year term based on this finding.

We note, *sua sponte,* the erroneous sentencing of appellant in that the habitual criminal charge was treated as a separate charge. One convicted of a crime and found to be an habitual criminal is not sentenced separately for that finding. The defendant receives an enhancement of thirty years on his sentence for the instant crime. Although a technical error, it is imperative to enhance the felony sentence by the thirty (30) year term to avoid constitutional violations of the Eighth Amendment and the prohibition against double jeopardy. *Yager v. State,* (1982) Ind., 437 N.E.2d 454.

We therefore remand the cause to the trial court for correction of sentence. The correct sentence is ten (10) years for the robbery conviction, enhanced by thirty (30) years because of the habitual offender finding. The trial court will be affirmed in all other things for the following reasons.

Appellant claims the evidence is insufficient to support the conviction of robbery. He specifically argues the State failed to establish beyond a reasonable doubt that he was the perpetrator of the offense.

Under our standard of review, we do not reweigh the evidence or judge the credibility of witnesses. *Dew v. State,* (1982) Ind., 439 N.E.2d 624.

The record reveals a man was admitted to Lag Inn by the owner-manager Fary, at approximately 11:30 P.M. The man, later identified as appellant by Fary and a patron of the tavern, drew a sawed-off shotgun, cocked it and held it to Fary's head. Following appellant's directions, Fary took money from the cash drawer and loose bills from the bar. Appellant directed Fary and two patrons to a back room and ordered them to lie on the floor.

Following the incident, Fary and the patron gave substantially similar descriptions to the police. The tavern had been well-lighted. The patron focused his attention on the robber for approximately two minutes at a distance of fifteen to twenty feet. Fary was in closer proximity during the robbery. At trial, both unequivocally identified appellant as the perpetrator of the offense.

The identification by a single witness is sufficient to sustain a conviction. *Dew, supra.*

Appellant's girlfriend testified at trial that appellant was in her company during the time the offense was committed.

He contends this evidence creates a reasonable doubt of guilt. However, when the evidence is in conflict, the jury is free to believe whomever they wish. *Kocher v. State,* (1982) Ind., 439 N.E.2d 1344. We will not disturb the jury's resolution of the conflict by reweighing the evidence and judging the credibility of witnesses. The identification evidence is sufficient to support the conviction.

This cause is remanded for correction of the sentence. The trial court is in all other things affirmed.

All Justices concur.