**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Stanley WRYN, Defendant–Appellant.**

**No. 91–30112.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 1991 *.

Decided Dec. 27, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Appellant John Stanley Wryn was convicted of conspiracy to distribute, and possession with intent to distribute, LSD in violation of 21 U.S.C. §§ 846 and 841(a)(1). His conviction was based in part on his state probation officer's discovery of 8,000 dosage units of LSD in his house during a warrantless search. It is undisputed that at the time of this search the probation officer had reasonable cause to believe that narcotics were in Wryn's house and that he was in violation of the terms of his state probation.

In this appeal, Wryn argues that Montana Department of Institutions administrative rule 20.7.1101(7) extended to him the right to be free from a warrantless search of his residence notwithstanding his probationary status, that his probation officer's search of his residence violated this right, and that the evidence found during the search should have been suppressed. We agree and reverse.

## DISCUSSION

We review de novo a district court's decision to admit evidence obtained during a warrantless search. *United States v. Howard*, 828 F.2d 552, 554 (9th Cir.1987).

Generally, a nonconsensual search violates the fourth amendment unless it is conducted pursuant to a validly issued warrant supported by probable cause. *See, e.g., Camara v. Municipal Court*, 387 U.S. 523, 528–29, 87 S.Ct. 1727, 1730–31, 18 L.Ed.2d 930 (1967). When a fourth amendment intrusion serves special government needs beyond those of normal law enforcement, however, a warrant may not be required. *National Treasury Employees Union v. Von Raab*, 489 U.S. 656, 665, 109 S.Ct. 1384, 1390, 103 L.Ed.2d 685 (1989). The Supreme Court has concluded that probation searches fall within this category.

Marcia Birkenbuel, Great Falls, Mont., for defendant-appellant.

Kris A. McClean, Asst. U.S. Atty., Helena, Mont., for plaintiff-appellee.

*Griffin v. Wisconsin,* 483 U.S. 868, 878, 107 S.Ct. 3164, 3170, 97 L.Ed.2d 709 (1987).

In *Griffin,* the Supreme Court concluded that a warrantless probation search did not violate the fourth amendment because it was conducted pursuant to a Wisconsin law authorizing such searches when supervisory approval was first obtained and reasonable grounds existed to believe contraband would be found. The Court held that the need for flexibility within the probation system and the special relationship existing between a probationer and his probation officer justified departing from the usual warrant requirement. *Id.* at 876, 107 S.Ct. at 3169. The Court specifically declined, however, to consider the state's argument that *"any* search of a probationer's home by a probation officer is lawful when there are 'reasonable grounds' to believe contraband is present." *Id.* at 880, 107 S.Ct. at 3171 (emphasis in original).

*"Griffin* stands for the proposition that reasonableness for probationary searches may be established by statute, rather than by warrant." *United States v. Schoenrock,* 868 F.2d 289, 292 (8th Cir.1989). A number of other circuits have held that "reasonableness" can also be established by narrowly tailored restrictions included within a probation agreement. *United States v. Giannetta,* 909 F.2d 571, 575 (1st Cir.1990); *Schoenrock,* 868 F.2d at 292–93.

In line with the foregoing cases, had the warrantless search of the probationer Wryn's home been authorized by either Montana state law or by Wryn's probation agreement we would consider the search "reasonable" under the fourth amendment. But this is not the case. To the contrary, Montana Department of Institutions administrative rule 20.7.1101(7) and Wryn's pro-

bation agreement specifically require court approval for a probation officer's warrantless search of a probationer's residence without his consent.[1] Here, such approval was lacking.

The government argues that even if the search was not expressly authorized, it was nevertheless constitutional because at the time of the search, Wryn was on probation for a conviction in Montana state court and his state probation officer had a reasonable belief that he was violating the terms of his probation. The government points to the evidence that federal drug enforcement agents had learned Wryn was supplying LSD out of his home. The agents had notified Holzheimer, Wryn's state probation officer, of what they had learned. Holzheimer knew that Wryn had been arrested earlier that year in Washington state for possession of narcotics. Based on this information, Holzheimer obtained a warrant for Wryn's arrest. He went to Wryn's home, and, with the help of local police, placed Wryn under arrest. He observed needle tracks on Wryn's arms. He then searched Wryn's residence, without Wryn's consent and without a warrant. Holzheimer found the 8,000 dosage units of LSD during this search.

The government relies on *United States v. Duff,* 831 F.2d 176 (9th Cir.1987). In *Duff* we considered whether a federal probation officer could require a probationer to submit to drug testing without first obtaining a court order. Although *Duff's* probation agreement required him to refrain from violating the law and to follow the probation officer's instructions, it did not require him to submit to drug testing without a court order. No federal law or regulation required him to submit to such testing. Despite this, we concluded that

---

**1.** Montana Department of Institutions administrative rule 20.7.1101(7) states that:

The probationer/parolee while on probation or parole if so ordered by the sentencing court, shall submit to a search of his person, automobile, or place of residence by a probation or parole officer, at any time of the day or night, without a warrant upon reasonable cause as may be ascertained by a probation/parole officer.

Wryn's probation agreement contains similar language. It states, in relevant part, that:

You shall, while on parole, or during the period of your probation if so stipulated by the court, submit to a search of your person, automobile, or place of residence by a Probation/Parole Officer, at any time of the day or night with or without a warrant, upon reasonable cause as ascertained by a Probation/Parole Officer.

Duff's probation officer could require him to submit to drug testing without first obtaining court approval.

In arriving at this conclusion, we relied on 18 U.S.C. § 3655, which authorizes a probation officer to "use all suitable methods, not inconsistent with the conditions imposed by the court, to aid probationers and to bring about improvements in their conduct" and requires the probation officer to "keep informed concerning the conduct and condition of each probationer under his supervision...." *Id.* We concluded that "[t]he drug testing required by the probation officer did nothing more than monitor [the probationer's] compliance with the express terms of the court's probation order," as required under section 3655. *Duff,* 831 F.2d at 178. The government argues by analogy that Holzheimer's unauthorized search of Wryn's home should be allowed based on Holzheimer's reasonable suspicion that Wryn was violating the terms of his probation.

If Montana law were silent on this subject, the government's argument might be persuasive.[2] But Montana law is not silent. Montana Department of Institutions administrative rule 20.7.1101(7) provides that, while on probation, a probationer, shall submit to a search of his residence by a probation officer at any time of the day or night, without a warrant but upon reasonable cause ascertained by the probation officer, *"if so ordered by the sentencing court."* (emphasis added). This state regulation extends to a probationer the right under the fourth amendment to be free from a warrantless search of his residence unless such a search is authorized by the sentencing court. The search of Wryn's residence was not so authorized, and thus it violated the Constitution.

The government relies on *State v. Burke,* 235 Mont. 165, 766 P.2d 254 (1988), in arguing that a Montana state probation officer may conduct a warrantless search of a Montana probationer's residence based solely on the officer's reasonable belief that narcotics are present. This is not what *Burke* stands for. In *Burke,* the sentencing court had specifically ordered the probationer to submit to the warrantless search pursuant to Montana Department of Institutions administrative rule 20.7.1101(7). *Burke,* 766 P.2d at 257. This is the order that is lacking in this case.

We conclude that the warrantless search of Wryn's residence by his probation officer violated the fourth amendment. The evidence obtained in that search should have been suppressed. It was not, and as a result Wryn is entitled to a new trial.

REVERSED.

---

**2.** It is clear from our holding in *Duff* that the Federal Probation Act in general, and section 3655 in particular, grants a federal probation officer great latitude in monitoring the activities of a federal probationer. There is no corollary to section 3655 under Montana state law. In fact, the Montana equivalent of the Federal Probation Act lacks any provision allowing a state probation officer to take steps beyond normal consultation in order to ensure a probationer's compliance with his probation agreement. *See* Montana Code § 46–23–1011(3). As a result, a Montana state probation officer does not have the same degree of latitude under Montana law that a federal probation officer has under federal law in monitoring a probationer's conduct.