JUSTICE NELSON
specially concurring:
I concur that the defendant was not deprived of his civil or constitutional right to carry a firearm by the inclusion of that prohibition in his probation agreement or by Department of Corrections rule 20.7.1101(5), ARM. Section 46-18-801(1) and (2), MCA, is clear on that point; the power to deprive an offender of a civil or constitutional right or to impose a civil or constitutional disability as a condition of sentence is reserved to the district court and requires specific enumeration by the sentencing judge.
*141 However, in light of that conclusion and in fairness to probation officers who must continue to supervise probationers and parolees, many of whom are under supervision for violent crimes or for offenses committed with weapons, I believe that it is necessary that we also point out that it does not follow from our opinion that probationers and parolees may now begin carrying weapons contrary to the provisions of their probation agreements.
The exercise of the civil and constitutional right to bear arms found in the Second Amendment of the United States Constitution and at Article II, Section 12 of the Montana Constitution, like any civil liberty or constitutional right, may be waived or restricted with the agreement and consent of the person to whom the right inures. As a sentencing condition the court, here, required the defendant to report to the probation department, to sign rules and conditions of probation and to set up a reporting schedule with the probation officer. The defendant did that, and he signed a probation agreement pursuant to which he agreed and consented to certain restrictions on his civil liberties and constitutional rights during the term of the agreement, including, among others, a restriction on his right to possess weapons. The defendant agreed and consented to those restrictions in order to gain the benefit of probation rather than remain incarcerated.
The weapons (and other) restrictions imposed under the defendant’s probation agreement remain valid and fully enforceable because the defendant agreed, for a certain period of time, to certain limitations on his exercise of constitutional rights and civil liberties of which he had not been deprived. This interpretation is consistent with dicta in the recent case of U. S. v. Wryn (9th Cir. 1991), 952 F.2d 1122. In that case the defendant was convicted in federal court of conspiracy to distribute and possession with intent to distribute LSD, based in part, on his state probation officer’s discovery of that drug in his house during a warrantless search. On appeal, the Ninth Circuit noted that the Montana Department of Institutions administrative rule and the defendant’s probation agreement specifically required court approval for the probation officer’s warrantless search of the probationer’s residence without his consent. The court held that since there had not been court approval for the warrantless search, the search was invalid. In so holding, however, the court observed that,
had the warrantless search of the probationer Wryn’s home been authorized by either Montana state law or by Wryn’s probation agreement we would consider the search “reasonable” under the fourth amendment.
*142 Wryn, 952 F.2d at 1124. (Emphasis added.)
In the instant case, while the sentencing court did not deprive the defendant of his civil and constitutional right to bear arms under § 46-18-801(1) and (2), MCA, the probation agreement which he signed restricted his exercise of that right, and that restriction, accordingly, remains valid and fully enforceable under the terms of the agreement.
JUSTICE GRAY concurs in the foregoing special concurrence.