Richie J. RIVERA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9504–CR–177.

Court of Appeals of Indiana.

June 18, 1996.

Transfer Denied Aug. 19, 1996.

---

765

Steven P. Meyer, Merritt Troemel Meyer & Hamilton, Lafayette, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Richie J. Rivera appeals his convictions, after a bench trial, of several drug offenses including dealing in cocaine. Rivera was sentenced to an aggregate term of thirty-five years with five suspended. The sole issue on appeal may be restated as:

> whether the probation officer's warrantless search of Rivera's home authorized by the terms of Rivera's probation violated his right to be free from unreasonable searches as guaranteed by the United States and Indiana Constitutions.

We affirm.

## FACTS

The facts in the light most favorable to the trial court's judgment reveal that Rivera was convicted of the possession of illegal drugs and sentenced to prison to be followed by probation. During the sentencing hearing held October 26, 1992, the trial court discussed with Rivera the terms of his probation on the record. The trial court stated:

> You shall not possess any controlled substance unless prescribed by a practicing physician. You shall permit the Probation Officer to visit you in your home or elsewhere. You shall waive your Fourth Amendment rights as to search and seizure and submit to random drug screens as requested by the ... Probation Department or any law enforcement officer.

The trial court asked Rivera if he understood the conditions of his probation and Rivera answered in the affirmative. The trial court entered a written order of the terms of Rivera's probation which included:

> [Rivera] shall permit the probation officer to visit in his home or elsewhere; and ... shall waive his Fourth Amendment right to search and seizure and submit to random drug and alcohol screens ...

Rivera, while incarcerated, filed a motion for a modification of his sentence. On April 22, 1993, the trial court held a hearing and granted Rivera's motion placing him on supervised probation for the remainder his sentence. The trial court incorporated by reference the rules of probation that it had imposed during the October 26, 1992, sentencing hearing. Rivera informed the court that he agreed to abide by all the terms and conditions set forth in its order.

On June 8, 1994, Rivera supplied a urine sample to his probation officer which contained cocaine.[1] The probation officer also learned from a police officer that Rivera may have been in possession of cocaine.

On June 18, 1994, Rivera's probation officer, along with other employees of the probation department and a deputy sheriff, conducted a warrantless search of Rivera's home. Rivera cooperated with the officers and did not request them to leave. In fact, Rivera led them to marijuana and cocaine within the house. The search uncovered over 1000 grams of marijuana, 14 grams of cocaine, and drug paraphernalia.

Rivera was charged with various drug offenses. Rivera moved to suppress the evidence obtained in the search. After a hearing, the trial court denied Rivera's motion. Rivera was convicted and this appeal ensued.

### DECISION

Rivera contends he never expressly waived his constitutional rights to be free from unreasonable search and seizures. Rivera argues that, even if the search did not violate his federal constitutional rights guaranteed under the Fourth Amendment to the United States Constitution, the search violated his right to be free from unreasonable searches and seizure guaranteed under Art. I, § 11 of the Indiana Constitution.

■ In cases involving a warrantless search, the State bears the burden of proving an exception to the warrant requirement.

*Short v. State*, 443 N.E.2d 298, 303 (Ind. 1982). Whether a warrantless search violated the defendant's rights depends on the facts and circumstances of the particular case. *Id.* at 302. The threshold question is whether the search was 'unreasonable' within the meaning of the Fourth Amendment. *Id.*

■ A consent to a search is valid except when procured by fraud, duress, fear, or intimidation or when it is merely a submission to the supremacy of the law. *Williams v. State*, 611 N.E.2d 649, 651 (Ind.Ct.App. 1993), *trans. denied.* The voluntariness of consent to search is to be determined by consideration of the totality of circumstances. *Id.* Consent may be given by an express oral statement. *Id.* The determination of the validity of a consent is a factual matter for the trial court which will not be set aside unless it is clearly erroneous. *Id.*

■ A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be reasonable. *Griffin v. Wisconsin*, 483 U.S. 868, 873, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987). However, a State's operation of a probation system presents a 'special needs' situation beyond normal law enforcement that justifies a departure from the usual warrant and probable-cause requirements. *Id.* at 873–874, 107 S.Ct. at 3168–69. Probation is a criminal sanction imposed instead of imprisonment. *Id.* at 874, 107 S.Ct. at 3168–69. Probation is conditional liberty dependent upon the observance of the terms of probation. *Id.* Accordingly, probationers simply do not enjoy the freedoms to which citizens are ordinarily entitled. *Id.* The restrictions imposed upon probationers are designed to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer. *Id.* at 875, 107 S.Ct. at 3169. These same goals require and justify the exercise of supervision to assure that the terms of probation are in fact observed. *Id.* While *Grif-*

---

1. We recently upheld the revocation of Rivera's probation based upon the positive drug screen by memorandum decision, *Rivera v. State*, 661 N.E.2d 924 (1996), *trans. denied.* In doing so, we rejected Rivera's claim that he had not validly waived his Fourth Amendment right to be free from drug testing. We held that, under the terms of his probation, Rivera had, in effect, agreed to submit to drug testing in order to be released from incarceration and placed on probation. The same result obtains in the present case.

*fin*, stands for the proposition that the reasonableness of a search of a probationer may be established by statute, a number of circuits have held that the reasonableness of a search of a probationer may be established by narrowly tailored restrictions included within a probation agreement. *United States v. Wryn*, 952 F.2d 1122, 1124 (9th Cir.1991); *United States v. Giannetta*, 909 F.2d 571, 575 (1st Cir.1990); *United States v. Schoenrock*, 868 F.2d 289, 292–93 (8th Cir. 1989).

■ Similar to our Fourth Amendment analysis, the focus of our state constitutional analysis is upon the *reasonableness* of the official behavior in conducting a warrantless search. *Moran v. State*, 644 N.E.2d 536, 539–40 (Ind.1994). The *Moran* court held that the warrantless search of garbage left out for collection did not violate Indiana's constitutional guarantee to be free from unreasonable search and seizure. *Id.* at 541.

■ In the present case, Rivera was serving probation for a cocaine conviction. The terms of Rivera's probation provided that he refrain from using or possessing illegal drugs, that he submit to drug screens, and that he waive his right to be free from searches. Rivera was informed in open court of the conditions of his probation and expressly acknowledged his understanding of them. The terms were reduced to writing and Rivera has never asserted that he was not provided a copy. Moreover, Rivera's cooperation with the authorities during the search supports the conclusion that Rivera was aware that his probation officer was authorized to search his home under the conditions of his probation. The record affirmatively supports the conclusion that Rivera had agreed to submit to searches as a condition of his probation in order to be released from prison.

While on probation, Rivera's urinalysis tested positive for cocaine. A police officer had informed Rivera's probation officer that Rivera was suspected of having cocaine at his home. Under these circumstances, we cannot conclude that the search of Rivera's home was unreasonable or violative of Rivera's rights guaranteed under either the United States or Indiana Constitutions. Therefore, the trial court's denial of Rivera's motion to suppress is not clearly erroneous and we find no error.

Judgment affirmed.

BAKER, J., concurs.

STATON, J., concurs with separate opinion.

STATON, Judge, concurring.

I concur in the opinion of the majority. However, I write separately to emphasize that I am extremely troubled by the absence of a reasonableness limitation on Rivera's waiver of his Fourth Amendment right to search and seizure.

On its face, the probation condition imposed upon Rivera allows a search by the probation department or any law enforcement officer with or without reasonable suspicion. This all-encompassing condition conflicts with the dictates of *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). *See United States v. Giannetta*, 909 F.2d 571, 576 (1st Cir.1990). In *Griffin*, the Court held that the special needs of the probation system make the warrant requirement impracticable and justify the replacement of the standard of probable cause by "reasonable grounds." *Griffin*, *supra*, at 875–76, 107 S.Ct. at 3170. However, the Court noted that the permissible degree of impingement upon a probationer's right to privacy is not unlimited. *Id.* at 875, 107 S.Ct. at 3170.[2]

As the majority notes, other federal courts have held that "reasonableness" can also be established by *narrowly tailored* restrictions included within a probation agreement. *See United States v. Wryn*, 952 F.2d 1122, 1124 (9th Cir.1991); *Giannetta*, *supra*, at 575; *United States v. Schoenrock*, 868 F.2d 289, 292–93 (8th Cir.1989) (emphasis added). However, in this case, Rivera's probation order did not authorize a search based upon

---

2. The *Griffin* Court also expressly declined to consider the state's argument that *"any* search of a probationer's home by a probation officer is lawful when there are 'reasonable grounds' to believe contraband is present." *Griffin*, *supra*, at 880, 107 S.Ct. at 3172 (emphasis in original).

reasonable grounds nor was the condition narrowly tailored. Instead, it ordered Rivera to "permit the Probation Officer to visit [him], in [his] home or elsewhere" and "[W]aive 4th Amendment Rights to search and seizure and submit to random drug screens as requested by the Probation Dept or any Law Enforcement Officer and pay for such drug screens." Record at 411. This waiver impermissibly subjects a defendant to submit his person, residence, vehicle, and "elsewhere" to search and seizure at any time of the day or night, with or without a search warrant, whenever requested to do so by a probation officer or law enforcement officer. Submission to such searches should not be the price of probation. *See United States v. Consuelo–Gonzalez,* 521 F.2d 259, 265 (9th Cir.1975). A probationer is entitled to some limited protection of their privacy interest. *Griffin, supra,* at 875, 107 S.Ct. at 3169.

Despite the fact that the authority granted in the probation order is overly broad, I concur because the absence of a reasonableness limitation is not objectionable so long as the decision to search was in fact narrowly and properly made on the basis of reasonable suspicion. *Giannetta, supra,* at 576 (broad probation search condition was warranted wherein the defendant's criminal propensities were not strictly limited to drug-related activities); *Schoenrock, supra,* at 290–93 (approving a condition that authorized probation officers to search for drugs or alcohol); *United States v. Williams,* 787 F.2d 1182, 1185 (7th Cir.1986) (approving a urinalysis and drug screening condition); *United States v. Jeffers,* 573 F.2d 1074, 1075 (9th Cir.1978) (per curiam) (approving reasonable search where probation officer had reason to believe defendant was violating probation).

The facts in this case indicate that the probation officer had reasonable grounds to search the defendant's residence. Rivera's urinalysis indicated a positive result for cocaine. In addition, the probation officer learned from a detective that Rivera may have been in possession of cocaine. These circumstances were sufficient to give the probation officer reasonable grounds to believe the search would reveal a violation of proba-

tion. Therefore, I agree with the majority's conclusion that the search of Rivera's home was not unreasonable. Nevertheless, trial courts should be strongly discouraged from using an all-encompassing waiver of a defendant's Fourth Amendment rights in probation orders.

For these reasons, I concur.