Frank BONNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0201–CR–19.

Court of Appeals of Indiana.

Oct. 29, 2002.

**1246**

Ann M. Sutton, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

Frank Bonner appeals his conviction for possession of marijuana as a class A misdemeanor.[1] Bonner raises one issue, which we restate as whether the trial court erred by denying his motion to suppress. We affirm.

The facts most favorable to the conviction follow. Bonner was convicted of dealing in cocaine. After serving three years in the Indiana Department of Correction, he was released on probation. On September 19, 2001, Marion County Probation Officer Suzanne Spellman was conducting a routine probation sweep to verify Bonner's address. Marion County Sheriff's Department Officers Fred Miller and Michael Schenkenfelder accompanied Officer Spellman on the sweep. Bonner's wife let Officers Spellman and Schenkenfelder in the front door. Officer Miller went to the rear of the house, where he saw Bonner open the back door, look around, and exit the house. Officer Miller handcuffed Bonner and escorted him inside the house. Officer Spellman advised Bonner of the conditions of his probation and reminded Bonner that he was required to "permit authorized representatives in conjunction with law enforcement agencies to search his vehicle, his person, and his property." Transcript at 8. Officer Spellman then ordered Officers Miller and Schekenfelder to search the house. In a rear bedroom, Officer Miller found a baggie containing slightly over three grams of marijuana. While the officers were still at Bonner's residence, Bonner admitted that the baggie belonged to him.

During the bench trial, the trial court denied Bonner's motion to suppress the evidence and his admission acquired as a result of the search of his residence. The trial court found Bonner guilty of possession of marijuana as a class A misdemeanor.

Bonner contends that the trial court erred by denying his motion to suppress. Our review of a motion to suppress

---

1. Ind.Code § 35–48–4–11.

is similar to our review of other sufficiency matters. *Taylor v. State*, 689 N.E.2d 699, 702 (Ind.1997). The record must disclose substantial evidence of probative value that supports the trial court's decision. *Id.* We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, when reviewing the trial court's decision, we also consider any uncontradicted substantial evidence supporting suppression of the evidence to determine whether there is sufficient evidence to support the ruling. *Murphy v. State*, 747 N.E.2d 557, 559 (Ind.2001).

### A.

■■■ Bonner first argues that the trial court erred by denying his motion to suppress, because his probation order was overly broad in violation of the Fourth Amendment to the United States Constitution.[2] The challenged provision of the probation order provides that: "You shall permit authorized representatives of the Probation Department, in conjunction with local law enforcement agencies, to enter your residence and you shall submit to a search of your person, your vehicle, or your property at any time."[3] Appellant's Appendix at 15.

■■■ Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind.Ct. App.1999); *see also Griffin v. Wisconsin*, 483 U.S. 868, 873–876, 107 S.Ct. 3164, 3168–3169, 97 L.Ed.2d 709 (1987). As such, probation is a conditional liberty dependent upon the observance of certain restrictions. *Carswell*, 721 N.E.2d at 1258. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Id.* The trial court is vested with broad discretion in establishing conditions of probation. *Id.* The only limitation is that the conditions must demonstrate a reasonable relationship to the treatment of the accused and the protection of the public. *Id.* Thus, as a result of the trial court's broad discretion, our review is essentially limited to determining whether the conditions placed upon the defendant are reasonably related to attaining these goals. *Id.* Where a defendant contends that a probation condition is unduly intrusive upon a constitutional right, the following three factors must be balanced: (1) the purpose sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law abiding citizens should be afforded to probationers; and (3) the legitimate needs of law enforcement. *Id.* Moreover, to determine the validity of a search condition, we must establish whether the condition as written is so broad as to be facially invalid. *Id.* at 1260. If the condition is not facially invalid, than we must determine whether the imposition

---

**2.** The Fourth Amendment to the United States Constitution, applicable to the states via the Fourteenth Amendment, provides that the government shall not violate "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,...." U.S. CONST. amend. IV.

**3.** Bonner also argues that his probation condition violates Article 1, Section 11 of the Indiana Constitution. However "a party

waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record." *Diaz v. State*, 753 N.E.2d 724, 729 (Ind.Ct.App.2001), *trans. denied.* Here, because Bonner failed to develop a cogent argument and failed to provide citation to authority, he has waived any argument to the Indiana Constitution with respect to the unconstitutionality of his probation condition.

of the search condition is "reasonably related to [Bonner's] rehabilitation and the protection of the public." *Id.*

We first address whether the disputed condition is facially invalid. Bonner argues that the condition is facially invalid because it lacks a requirement that the search be reasonable. Appellant's Brief at 6. Generally, searches should be conducted pursuant to a warrant supported by probable cause. *Purdy v. State,* 708 N.E.2d 20, 22 (Ind.Ct.App.1999). However, the State's operation of the probation system presents "special needs" beyond the normal need for law enforcement that justifies a departure from the usual warrant and probable cause requirements imposed by the Fourth Amendment. *Rivera v. State,* 667 N.E.2d 764, 766 (Ind.Ct. App.1996), *trans. denied.* Thus, a search of a probationer or his home may be conducted absent probable cause. *Purdy,* 708 N.E.2d at 22–23. Nonetheless, "a probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Griffin,* 483 U.S. at 873, 107 S.Ct. at 3168.

To support the argument that his probation condition is overly broad in violation of the Fourth Amendment, Bonner places significant reliance on *Purdy,* 708 N.E.2d 20 (Ind.Ct.App.1999). In *Purdy,* the defendant consented to a probation condition that required him to agree to a search of his residence by his probation officer. *Id.* at 22. On a routine visit, an officer smelled what he believed to be marijuana smoke coming from inside the defendant's home. *Id.* at 21. A subsequent search of the residence revealed two plastic bags containing marijuana. *Id.* The defendant argued that the condition of his probation that permitted warrantless searches was overbroad. Ultimately, we held that the search was reasonable and upheld the defendant's conviction. However, in a subse-

quent case, we clarified our holding in *Purdy* and specifically stated that:

> *Purdy,* at first glance, seems to stand for the proposition that a search condition in a probation agreement that does not contain language which limits such searches to those that are reasonable is overbroad and thus invalid. However, *Purdy* did not address the validity of the probation agreement and decided the case on other grounds. Thus, the commentary in *Purdy* regarding the language of search conditions is dictum.

*Carswell,* 721 N.E.2d at 1261. Thus, *Purdy* is not controlling on whether such a search condition is facially invalid.

We discussed the propriety of a similar condition regarding searches in *Carswell,* 721 N.E.2d 1255. In *Carswell,* a defendant challenged the constitutionality of a condition of his probation that required the defendant to "permit the probation officer, in conjunction with other law officers, to enter [his] residence and make reasonable inquiry into [his] activities and ... submit to a search of [his] person and/or property by such officers, without a warrant." *Id.* at 1260. We held that:

> [A]lthough the better practice may be for the trial judge to include within the probation condition itself the limitation that such searches be reasonable, we find no error in the failure to include such language, especially in light of the fact that 'the absence of a reasonableness limitation is not objectionable so long as the decision to search was in fact narrowly and properly made on the basis of reasonable suspicion.'

*Id.* at 1263 (citing *Rivera,* 667 N.E.2d at 768 (Staton, J., concurring)).

Bonner's condition is much like the challenged condition in *Carswell* because neither condition includes a reasonableness requirement. However, we made clear in

*Carswell* that the absence of a reasonableness requirement would not render a condition overbroad and unconstitutional pursuant to the Fourth Amendment. We maintained that implicit in our decision in *Rivera* was the "notion that such conditions are valid even if the 'reasonableness' limitation is not expressly included within the probation agreement." *Id.* at 1262. Thus, Bonner's probation condition is not facially invalid. *See, e.g., id.* at 1263.

Having concluded that the challenged condition is not facially invalid, we next turn to the issue of whether the imposition of this condition is reasonably related to Bonner's rehabilitation as well as the protection of the public. Certainly, a warrantless search condition is an extremely valuable aid in rehabilitation. If a probationer is aware that he can be searched at any time without warning, he is less likely to engage in criminal activity. Moreover, the supervision and monitoring of probationers helps to facilitate the probation system's overall goal of genuine rehabilitation. As for the protection of public aspect, we know that recidivism among those who are convicted of drug crimes is extraordinarily high. *Lannan v. State,* 600 N.E.2d 1334, 1337 (Ind.1992). Those within the probation system must be given the flexibility to determine whether a probationer has in fact violated a condition of probation, especially if that condition involves a drug related offense. This control is clearly within the public interest. In fact, in *Carswell,* we noted the importance of warrantless search conditions with respect to probationers who had previously been involved in narcotic offenses. 721 N.E.2d at 1263. Therefore, the condition of Bonner's probation is reasonably related to Bonner's rehabilitation as well as the protection of the public. *See, e.g., id.* at 1263–1264.

We conclude that the search condition of Bonner's probation does not violate the Fourth Amendment. Thus, the trial court did not err by denying Bonner's motion to suppress because his probation order was overly broad in violation of the Fourth Amendment.

### B.

Bonner, in the alternative also argues that even if the probation condition at issue was not facially invalid under the Fourth Amendment, the trial court erred by denying his motion to suppress because the search of his residence was itself unreasonable in violation of the Fourth Amendment as well as Article I, Section 11 of the Indiana Constitution.

As previously mentioned, the United States Supreme Court addressed the matter of conditional liberties of probationers and concluded that the 'special needs' of the probation system may require warrantless searches. *Griffin,* 483 U.S. at 873–874, 107 S.Ct. at 3168. To determine whether a particular search is reasonable, we must balance Bonner's Fourth Amendment interests with legitimate governmental interests.[4] *See Purdy,*

---

4. In *Kopkey v. State,* we discussed the Fourth Amendment's balancing test with respect to the random alcohol and drug testing of an in home detainee. 743 N.E.2d 331, 337–339 (Ind.Ct.App.2001), *trans. denied.* In conducting the balancing test, we noted that an in home detainee had a "highly reduced legitimate expectation of privacy." *Id.* at 337. We concluded that the searches were "relatively unobtrusive under all the circumstances," and that the "State ha[d] a very strong interest in deterring persons convicted of crimes and on in-home detention from taking illegal drugs or alcohol, which could severely impair their rehabilitation and/or jeopardize public safety." *Id.* at 338. Accordingly, we held that a "condition of in-home detention requiring the detainee to submit to random drug and alcohol testing, without 'reasonable suspicion' of wrongdoing, [was] still reasonable

708 N.E.2d at 24. Hence, when balancing Bonner's limited privacy interest as a probationer with the government's incredibly high interest in the success of the probation system, the State has clearly established the reasonableness requirement of the Fourth Amendment. *See, e.g., Kopkey,* 743 N.E.2d at 338–339.

■■■■■■ We must initially determine whether the search of Bonner's residence was probationary or investigatory in nature. If the search was not conducted within the regulatory scheme of Bonner's probation enforcement, then Bonner's normal privacy rights cannot be stripped from him. *Allen v. State,* 743 N.E.2d 1222, 1228 (Ind.Ct.App.2001), *trans. denied.* The State has the burden of proving that a warrantless search of a probationer was a probationary search and not an investigatory search. *Id.* Specifically, "[a] probation search cannot be a mere subterfuge enabling the police to avoid obtaining a search warrant." *Id.* To determine whether the search of Bonner's residence was probationary or investigatory, we must first establish whether the search was a probation search. If the search was not conducted within the regulatory scheme of probation enforcement, then it will be subject to the usual requirement that a warrant supported by probable cause be obtained. *Id.* However, if the search was a true probation search, then we must determine whether the search was reasonable. *Id.* Here, the officers were conducting a routine probation sweep that led to the search of Bonner's residence. The subsequent search was within the regulatory scheme of probation enforcement and was therefore probationary in nature.

We must next turn to the issue of whether the probationary search of Bon-

ner's residence was reasonable. We have previously held that the warrantless search of a probationer's home made with reasonable suspicion of criminal activity was reasonable within the meaning of the Fourth Amendment. For example, in *Allen,* police officers saw the defendant with goods that were later reported as stolen. 743 N.E.2d at 1226. Further, the defendant, who was forbidden from possessing firearms as a condition of his probation, was seen with a firearm. *Id.* The police officers conveyed this information to the defendant's probation officer who subsequently conducted the search of defendant's home. *Id.* We held that the information obtained by the police officers was sufficient to establish reasonable suspicion, and the search of the defendant's home was reasonable within the meaning of the Fourth Amendment. *Id.* at 1229.

In the present case, the officers were conducting a routine parole search of Bonner's home. An officer witnessed Bonner's attempt to leave undetected out the back door, which led to the search of Bonner's residence. Unmistakably, the police officers who conducted the search of Bonner's residence possessed the requisite reasonable suspicion, and the search of Bonner's home was reasonable within the meaning of the Fourth Amendment. *See, e.g., Allen,* 743 N.E.2d at 1229.

■■■■■■ Similarly, Bonner's argument fails under the Indiana Constitution. In particular, Bonner claims that the search was unreasonable pursuant to Article I, Section 11 of the Indiana Constitution. Article 1, Section 11 of the Indiana Constitution, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreason-

under the Fourth Amendment, as long as the manner in which the tests were carried out

was reasonable. . . . " *Id.* at 338–339.

able search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." As our supreme court dictated, "we read this section of our constitution as having in its first clause a primary and overarching mandate for protections from unreasonable searches and seizures." *Moran v. State*, 644 N.E.2d 536, 539 (Ind.1994), *reh'g denied.* "When evaluating a Section 11 claim, we place the burden on the State to show that under the totality of the circumstances its intrusion was reasonable." *State v. Gerschoffer*, 763 N.E.2d 960, 965 (Ind.2002). Here, Bonner possessed certain conditional liberties designed to enable the probation system to operate effectively. The subsequent search of Bonner's residence was conducted under the authority of Bonner's probation condition. Moreover, Officer Miller witnessed Bonner's attempt to leave, undetected out the back door. Accordingly, based upon the totality of the circumstances, the search of Bonner's residence was reasonable within the meaning of Article I, Section 11 of the Indiana Constitution.

For the foregoing reasons we affirm Bonner's conviction for possession of marijuana as a class A misdemeanor.

Affirmed.

FRIEDLANDER, J., and NAJAM, J. concur.