**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW J. McGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DARRELL KIRKWOOD, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 31A01-1305-CR-209 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-0110-DF-902

**January 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Darrell Kirkwood (Kirkwood), appeals the trial court's revocation of his probation and imposition of his previously suspended sentence.

We affirm.

## ISSUE

Kirkwood raises one issue which we restate as: Whether the trial court abused its discretion when it ordered him to serve the entire previously suspended portion of his original sentence.

## FACTS AND PROCEDURAL HISTORY

On October 18, 2001, the State filed an Information charging Kirkwood with Count I, theft, a Class D felony, and Count II, check deception, a Class A misdemeanor. On May 6, 2010, Kirkwood was arrested on the warrant underlying these charges. The next day, May 7, 2010, the State and Kirkwood entered into a plea agreement by which Kirkwood agreed to plead guilty to Count I in exchange for the State dismissing Count II. That same day, the trial court sentenced Kirkwood to three years with six months executed and two and one-half years suspended to supervised probation.

On July 9, 2012, the State filed a petition to revoke Kirkwood's probation, alleging that between December 10, 2010 and May 31, 2011, Kirkwood had committed multiple felonies and was in arrears in his payment of fines, costs, fees, and restitution. On April 11, 2013, during a hearing on the State's petition, Kirkwood admitted to having committed a Class C felony fraud on a financial institution on December 22, 2010; a

2

Class C felony forgery on April 15, 2011; a Class D felony failure to return to lawful detention on May 17, 2011; a Class C felony forgery on May 17, 2011; and a Class D felony check fraud on May 31, 2011 while on probation. The trial court revoked Kirkwood's probation and ordered him to serve the two and one-half years previously suspended sentence at the Department of Correction.

Kirkwood now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Kirkwood contends that the trial court abused its discretion when it imposed the entirety of his previously suspended sentence. Rather than sentencing him to an executed sentence in the Department of Correction, he requests to serve a portion of his sentence on work release.

When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 954-55 (Ind. Ct. App. 2005), *trans. denied*. Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Id*. at 955. It is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Bonner v. State*, 776 N.E.2d 1244, 1247 (Ind. Ct App., 2002), *trans. denied*. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Id*. A probation revocation hearing is in the nature of a civil proceeding and the alleged violation need be proven only by a preponderance of the evidence. *Pitman v.*

3

*State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001).   Violation of a single condition of probation is sufficient to revoke probation.  *Rosa v. State*, 832 N.E.2d at 1119, 1121 (Ind. Ct. App. 2005).

Probation revocation is a two-step process.  *Sanders*, 825 N.E.2d at 955.  First the trial court must make a factual determination that a violation of a condition of probation actually has occurred.  *Id*.  If a violation is proven, then the trial court must determine if the violation warrants the revocation of the probation.  *Id*.

Here, Kirkwood admitted that he violated his conditions of probation and does not dispute the actual revocation of his probation; instead he maintains that based on his character and the nature of his probation violations, he is entitled to serve part of his sentence in a work release program.  However, it is well established that we review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion.  *Id*.  In *Johnson v. State*, 692 N.E.2d 485, 488 (Ind. Ct. App. 1998), we rejected the contention that a trial court's decision to order a defendant to serve his previously suspended sentence upon revocation of probation should be reviewed under then Ind. Appellate Rule 17(B), the predecessor to Ind. Appellate Rule 7(B), and held that

> [Ind. Code § 35-38-2-3] gives the trial court options upon finding that a defendant has committed a violation of his probation.  The provision of these options by the statute implies that the trial court has discretion in deciding which option is appropriate under the circumstances of each case. As such, we will only review the trial court's decision for an abuse of discretion.

4

*See also, Prewitt v, State*, 878 N.E.2d 184, 188 (Ind. 2007) (which evaluated a trial court's decision to revoke probation under an abuse of discretion standard after noting that a review pursuant to Ind. Appellate Rule 7(B) "is not the correct standard[.]").

During the probation revocation hearing, Kirkwood admitted to violating the conditions of his probation barely six months after being placed on probation. In violating his probation, Kirkwood did not just commit a single offense; he admitted to having committed five separate felonies out of the twelve felonies he was alleged to have committed in the State's petition to revoke his probation. We agree with the State that "[i]t is readily discernible that probation had no meaning to [Kirkwood] [and] that he was not getting the message[.]" (Appellee's Br. p. 5). Based on Kirkwood's multiple felonies, we cannot conclude that the trial court abused its discretion by revoking the entirety of his previously suspended sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it imposed the entire previously suspended portion of Kirkwood's original sentence.

Affirmed.

VAIDIK, C. J. and MAY, J. concur