## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 13 2015, 7:52 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jacob Wahl
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dallarius T. Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 13, 2015

Court of Appeals Cause No.
82A04-1406-CR-281

Appeal from the Vanderburgh
Circuit Court, The Honorable Kelli
E. Fink, Judge
Cause No. 82C01-1301-FC-110

**Najam, Judge.**

## Statement of the Case

[1]   Dallarius T. Jackson appeals the trial court's revocation of his probation. Jackson raises a single issue for our review, namely, whether the trial court abused its discretion when it admitted statements made by Jackson to police

officers before Jackson had been read his rights under *Miranda v. Arizona*, 384
U.S. 436 (1966).  We affirm the trial court's revocation of Jackson's probation.

## Facts and Procedural History

[2] On January 23, 2014, Jackson pleaded guilty to criminal recklessness, as a Class
D felony.  The court sentenced Jackson to eighteen months probation, the terms
of which required Jackson, among other things, to follow the law and not to
possess a firearm.

[3] The day after he was sentenced to probation, Jackson rode in the front
passenger seat of a vehicle that was subjected to a traffic stop.  Smelling
marijuana inside the vehicle, the officer who had initiated the traffic stop asked
Jackson and the driver to stand with other officers by the officers' vehicles while
he searched the car.  During the search, the officer discovered a loaded firearm
under the front passenger seat and a bag of marijuana between the front
passenger seat and the front passenger door.  Without prompting, Jackson
stated that the firearm and marijuana were his.

[4] The State filed a petition to revoke Jackson's probation.  At an ensuing
evidentiary hearing, Jackson moved to have his statements made during (and
after) the traffic stop suppressed.  The trial court admitted all statements made
by Jackson that were not in response to an actual question by an officer.  The
court then revoked Jackson's probation.  This appeal ensued.

# Discussion and Decision

[5]     Jackson asserts that the trial court abused its discretion when it admitted any statements he made following the traffic stop because Jackson never received his *Miranda* warnings. Jackson further argues that he was in police custody during the search of the vehicle and that the officers at that scene induced him into making his incriminating statements.

[6]     As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

[7]     Underlying Jackson's argument on appeal is his assumption that *Miranda* applies to civil probation revocation proceedings. While Jackson fails to offer any authority on this issue in his brief to this court, nonetheless our courts have

made clear that *Miranda* does not apply to probation revocation proceedings. As we have explained:

> The protection against self-incrimination found in the Fifth Amendment, by its very terms, applies only to "criminal case[s]." U.S. Const. amend. V. As our courts have consistently held, a probation revocation hearing is in the nature of a civil action and is not to be equated with an adversarial criminal proceeding. *Cox[ v. State]*, 706 N.E.2d [547,] 550 [(Ind. 1999)]; *Isaac v. State*, 605 N.E.2d 144, 147 (Ind. 1992), *cert. denied* 508 U.S. 922, 113 S. Ct. 2373, 124 L. Ed. 2d 278 (1993). As such, a probationer who is faced with a petition to revoke his probation, although he must be given "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body," is not entitled to the full panoply of rights that he enjoyed prior to his conviction. *Isaac*, 605 N.E.2d at 148 (Ind.1992); *see also* Ind. Code § 35-38-2-3. The reason behind this is simple: a probationer, who has already been convicted and had his sentence imposed, differs substantially from those individuals who have not yet been tried and convicted of those crimes that they are suspected of having committed. Unlike the latter, a probationer's liberty is not enjoyed as a matter of right, but is dependent upon the trial court's discretion in granting probation. *See Isaac*, 605 N.E.2d at 146 (noting that there is no right to probation and that the decision whether to grant probation is a matter within the discretion of the trial court). Once granted, a probationer is entitled to retain his liberty only so long as he substantially abides by the conditions of his probation. *Rivera v. State*, 667 N.E.2d 764, 766 (Ind. Ct. App. 1996), *trans. denied*. Such restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by a probationer being at large. *Id.*

> Therefore, we hold that [the probationer's] statements obtained in violation of *Miranda* were properly admitted at his probation revocation proceeding.

*Grubb v. State*, 734 N.E.2d 589, 591-93 (Ind. Ct. App. 2000) (alterations original), *trans. denied*. Accordingly, Jackson cannot demonstrate that the trial court abused its discretion when it did not apply *Miranda* to exclude any statements that might have been excluded under *Miranda* in a criminal proceeding.

[8] Moreover, even if *Miranda* did apply in civil probation revocation proceedings, it would not apply here. In *Miranda*, the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda*, 384 U.S. at 444. These procedural safeguards include an advisement to the accused the he has the right to remain silent, that anything said can be used against him, that he has the right to an attorney, and that one will be appointed if he cannot afford one. *Id.* at 479. The *Miranda* warnings are required only where a suspect in custody is subjected to interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980); *White v. State*, 772 N.E.2d 408, 412 (Ind. 2002).

Assuming for the sake of argument that Jackson was in custody at the time he made his incriminating statements, the question then becomes whether his statements were in response to an official interrogation. *E.g.*, *McClure v. State*, 803 N.E.2d 210, 213 (Ind. Ct. App. 2004). Under *Miranda*, "interrogation" includes express questioning and words or actions on the part of the police that the police know are reasonably likely to elicit an incriminating response from the suspect. *Innis*, 446 U.S. at 301. Volunteered statements do not amount to an interrogation. *White*, 772 N.E.2d at 412; *Hopkins v. State*, 582 N.E.2d 345, 348 (Ind. 1991).

Here, Jackson voluntarily blurted out that the firearm and marijuana belonged to him. Jackson argues that the officers asked an "implied question" when they placed the discovered firearm on top of the vehicle. Appellant's Br. at 9. But placing a discovered firearm on the roof of the vehicle in which it was discovered is not "reasonably likely to elicit an incriminating response from the suspect." *Innis*, 446 U.S. at 301. Jackson's arguments on appeal are without merit, and, thus, we affirm the trial court's revocation of his probation.

Affirmed.

Mathias, J., and Bradford, J., concur.