## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 27 2015, 5:28 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jimmy Scott Huntington,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 27, 2015

Court of Appeals Case No.
15A01-1412-CR-00544

Appeal from the Dearborn Superior Court

The Honorable Sally A. Blankenship, Judge

Case No. 15D02-1105-FD-202

---

**Crone, Judge.**

## Case Summary

[1] Jimmy Scott Huntington appeals the trial court's judgment that he serve his previously suspended three-year sentence for violating his probation. The

dispositive issue presented for our review is whether the trial court abused its discretion. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

In the summer of 2011, Huntington was charged with and pled guilty to class D felony failure to comply with the sex and violent offender registration requirements. He was sentenced to three years suspended to supervised probation to be served consecutive to a probation violation sentence imposed in another case. One of the probation terms was that Huntington would not commit a criminal act.

In September 2014, the Dearborn County Probation Department alleged that Huntington violated the terms of his probation by committing the crime of operating a vehicle while intoxicated. At the dispositional hearing, Huntington admitted to the violation. The trial court found that Huntington violated his probation and ordered him to serve the previously suspended three-year sentence. This appeal ensued.

## Discussion and Decision

Huntington argues that revoking his entire three-year sentence was an abuse of discretion. Specifically, he argues that revoking just one year of his sentence would adequately punish him for his violation and would take into account his willingness to reform. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Runyon v. State*, 939 N.E.2d 613, 618 (Ind. 2010) (quoting *Prewitt v. State*, 878 N.E.2d 184,

188 (Ind. 2007)). "Revocation of an individual's probation deprives the individual 'not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.'" *Hubbard v. State*, 683 N.E.2d 618, 620 (Ind. Ct. App. 1997) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). "Probation is a criminal sanction whereby a defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Hurd v. State*, 9 N.E.3d 720, 726 (Ind. Ct. App. 2014). "These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community." *Bonner v. State*, 776 N.E.2d 1244, 1247 (Ind. Ct. App. 2002), *trans. denied*, (2003).

[5] A probation revocation hearing is civil in nature, and the alleged violation need be proven only by a preponderance of the evidence. *Carpenter v. State*, 999 N.E.2d 104, 106 (Ind. Ct. App. 2013). Violation of a single condition of probation is sufficient to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011). "The decision to revoke probation is within the sole discretion of the trial court." *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008).

[6] "A trial court's probation decision is subject to appellate review for abuse of discretion 'where the decision is clearly against the logic and effect of the facts and circumstances.'" *Runyon*, 939 N.E.2d at 618 (quoting *Prewitt*, 878 N.E.2d at 188. Upon finding that a probationer has violated a condition of probation, a court may either continue him on probation, with or without enlarging the conditions, extend his probation for not more than one year beyond the original

probationary period, or order execution of the initial sentence that was suspended. Ind. Code § 35-38-2-3(j). The imposition of an entire suspended sentence is within the trial court's discretion. *See Sanders v. State*, 825 N.E.2d 952, 957-58 (Ind. Ct. App. 2005), *trans. denied*.

[7] Huntington admitted that he committed the offense of operating a vehicle while intoxicated in direct violation of the terms of his probation. This admission alone would support the imposition of his suspended sentence. Moreover, Huntington's history shows that he is a poor candidate for continuing probation. He was placed on probation several times in the past and had multiple violations. In one case, Huntington received a fifteen-year sentence with ten years suspended. Because of his multiple probation violations, Huntington spent the entire suspended portion of his sentence incarcerated in the Department of Correction. The object of probationary terms and conditions is to ensure that probation serves as a period of genuine rehabilitation. If a probationer repeatedly violates probation terms, as is the case with Huntington, the very purpose of probation is defeated.

[8] Further, Huntington reported that he consumed alcohol daily until he passed out, but claimed that it was not apparent that he had an alcohol abuse problem until his arrest for operating while intoxicated. Even if it were plausible that Huntington did not recognize drinking to unconsciousness was a problem until his arrest, it does not change the fact that he was drinking every day in direct violation of his probation. Huntington has been afforded numerous opportunities to pay his debts to society via probation in lieu of imprisonment.

Through his own actions, he has squandered those opportunities and earned the resulting sentence revocations.

[9] The foregoing facts demonstrate Huntington's disregard for court orders and the probation system. The trial court had ample basis for its decision to order that Huntington serve his entire suspended sentence and did not abuse its discretion.

[10] Affirmed.

Brown, J., and Pyle, J., concur.